

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-89,000-02, WR-89,000-03 AND WR-89,000-04

### EX PARTE BRITTANY KATHLEEN MCDONOUGH, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NO. CR25141-B, CR25375-A AND CR25376-A IN THE 35TH DISTRICT COURT FROM BROWN COUNTY

*Per curiam*.

**O R D E R**

Applicant pleaded guilty to three charges of delivery of a controlled substance in exchange for three concurrent twenty-year sentences. She did not appeal her convictions. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that her pleas were involuntary because she requested a new attorney and believed that she was getting one, but that her existing attorney told her that it did not matter, that the State would not be working with her, and that if she did not accept

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

the plea offer on that date, she would receive consecutive twenty-year sentences in all three cases. Applicant has alleged facts that, if true, might entitle her to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first supplement the habeas records with copies of all relevant documents including the trial dockets, any written requests for appointment of a different attorney, and the plea papers including any written plea agreements, admonishments, waivers and stipulations. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed: August 19, 2020
Do not publish